**IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ANGELA HEELEY**, on behalf of herself and others similarly situated, )   )   ) | |
|      Plaintiff, ) | |
| v. ) | Civil Action No. 4:14-CV-01065 |
| ) | |
| **CRED-X DEBT RECOVERY, LLC** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL CREDIT ADJUSTERS, L.L.C.** ) | |
| ) | |
|      Defendants. ) | |
| ) | |
| Serve Defendant Cred-X at: ) 4252 Ridge Lead, Suite 106 ) Amherst, New York 14226 ) | |
| ) | |
| Serve Defendant National Credit Adjusters at: ) CSC-Lawyers Incorporating Service Company ) 221 Bolivar Street ) Jefferson City, Missouri 65101 ) | **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

    COMES NOW, Plaintiff, Angela Heeley, and for her Class Action Complaint states as follows:

INTRODUCTION

    1.    This is an action for damages brought by an individual consumer on behalf of herself and all other consumers located nationwide and similarly situated for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

JURISDICTION

    2.    This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

## PARTIES

3.      Plaintiff is a natural person currently residing in St. Louis County, Missouri.

Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes

arises out of consumer, family, and household transactions.

4.      Defendant National Credit Adjusters ("NCA") is a foreign registered corporation

with its principal place of business located in Hutchinson, Kansas.  One of the business

purposes of NCA is the collection of debts in Missouri and nationwide, and Defendant regularly

attempts to collect debts alleged to be due another.  A second business purpose of NCA is debt

buying.  NCA then retains lawyers or collection agencies to collect the debt alleged due.

5.      Defendant Cred-X Debt Recovery is a corporation with its principal place of

business located in Amherst, New York.

6.      Defendants are engaged in the collection of debts from consumers using the mail

and telephone.  Defendants are "debt collectors" as defined by the FDCPA. *15 USC 1692a(6).*

## FACTS

7.      Plaintiff contacted Cred-X April 17, 2014 because Cred-X had left several

messages with her family members asking Plaintiff to contact them.

8.      When Cred-X answered the call, a Cred-X employee by the name of "Justin" told

Plaintiff he was a "legal rep" for Cred-X and that he "works in litigation."

9.      Cred-X was attempting to collect a debt from Plaintiff owed to CashNet.  Cred-X

told Plaintiff that she owed $1,387.41

10.     Plaintiff thought the amount attempted to be collected was too high and recalled

receiving collection letters from NCA where the amount collected was $887.41.

11.     In neither collection letter sent by NCA do they disclose interest fees or late

charges are accruing on the debts they are trying to collect.  **Exhibit 1**

12.     Cred-X told Plaintiff that NCA was "moving aggressively" and that they would be verifying Plaintiff's wages with her Human Resources department.

13.     Plaintiff informed Cred-X that she wanted to receive written correspondence from Cred-X.

14.     Cred-X lied to Plaintiff and told her they had previously sent her validation of debt on February 14th.  Plaintiff never received any such information.

15.     When Plaintiff again requested written correspondence, Cred-X stated they would "fax it to your job."

16.     During the call, Cred-X told Plaintiff they could settle this account for $1,087.00.

17.     Finally in an attempt to get Plaintiff to pay, Cred-X told Plaintiff they were "taking more off" and they would settle with her for $887.41.

18.     Upon information and belief, Cred-X and NCA always try to collect more than is allowed by law.  They have concocted this deceptive scheme by which they can collect more than what is owed from the consumer.

19.     During the call, Cred-X told Plaintiff to call (800) 542-1048.  Justin told Plaintiff that this phone number belongs to NCA.  Cred-X gave this phone number to Plaintiff so that "you'll see what they're about" and to get "a little insight as to what is going on."  Plaintiff perceived these statements as threats.  Cred-X also told Plaintiff that they didn't want this to "escalate into a larger problem."

20.     At the end of the call, Plaintiff requested Cred-X no longer contact her family members.  Justin told Plaintiff, "We/They're going to do whatever is suitable to get this thing paid for."

21.     At no time during the phone call did Cred-X/Justin identify itself/himself as a debt collector or provide the Mini-Miranda to Plaintiff.

## CLASS ALLEGATIONS

22.     Upon information and belief, it is Cred-X's routine practice to violate the FDCPA by maintaining telephone contact without identifying itself as a debt collector or providing the mini-Miranda to consumers.

23.     Upon information and belief, it is NCA's routine practice to violate the FDCPA by failing to provide interest disclosures in its collection correspondence.

24.     This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.   The two-part class consists of the following persons:

a.  Part one (the "Cred-X class"): all residents of the United States who received, within one year prior to the date of the Complaint, received telephone contact from Defendant wherein it did not disclose its identity as a debt collector or provide the mini-Miranda to the consumer;

b.  Part two (the second "NCA" class):  all residents of the United States who received within one year prior to the date of the Complaint, where Defendant sent written correspondence to consumers without making interest disclosures in the correspondence;

c.  Part three (the "Cred-X and NCA" class):  all residents of the United States who received within one year prior to the date of the Complaint, where Defendants tried to collect unauthorized monies from consumers;

25.     Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendants are high

4

volume debt collectors that attempt to collect many thousands of consumer debts throughout the United States.

26.     Upon information and belief, Defendants have engaged in the improper collection communications and telephone calls described above with thousands of consumers.

27.     Plaintiff is a member of the class she seeks to represent.

28.     There are no unique defenses Defendants can assert against Plaintiff individually, as distinguished from the class.

29.     Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendants. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

30.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendants.

31.     Most, if not all, the facts needed to determine damages are obtainable from the Defendants' records.

32.     The purposes of the FDCPA will be best effectuated by a class action.

33.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

34.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

35.     Many, if not all, class members are unaware that claims exist against the Defendants.  There will be no unusual difficulty in the management of this action as a class action.

36.     Five common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) Defendants are "debt collectors" pursuant to the FDCPA; (2) the liabilities that Defendants has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant Cred-X identified itself as a debt collector when communicating with class members; (4) whether Defendant NCA failed to disclose interest was accruing in written correspondence while attempting to collect a consumer debt; and (5) whether Defendants has attempted to collect additional monies that they were not entitled to collect.

37.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

38.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

39.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.      Using unfair or unconscionable means to collect or attempt to collect the alleged debt.

b.      Failure to identify oneself as a debt collector during a telephone call.  15 USC 1692 (d) (6).

c.      Threatening action without the authority or intent to take such action, including but not limited to threatening legal action against Plaintiff.  15 U.S.C. § 1692e.

d.      Communicating a false impression of the amount of the debt.  15 U.S.C. § 1692e(2).

e.      Attempting to collect an amount not permitted by law.  15 U.S.C. § 1692f(1).


WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Release of the alleged debt;

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E.      For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason
_____
**JAMES W. EASON, #57112**
**124 Gay Avenue, Suite 200**
**Clayton, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**

**8**